# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAUL SAUCEDO-CERVANTE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18−cv−1112−NJR ) |
| KEVIN CHILDERS, SUSAN WALKER, and SHERRY BENTON, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Raul Saucedo-Cervante, an inmate of the Illinois Department of Corrections currently incarcerated at Centralia Correctional Center ("Centralia"), brings this action seeking damages for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that occurred at Centralia. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough

1

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

### The Complaint

Plaintiff filed this suit on May 14, 2018. (Doc. 1). On May 16, 2018, the Court determined that Plaintiff had attempted to join unrelated claims in the same lawsuit and severed Count 2 into a separate lawsuit. (Doc. 4). The facts relevant to Plaintiff's remaining claim are as follows:

Plaintiff developed problems in his left eye in March 2016 and began seeking treatment from Danville's medical staff that same year. (Doc. 1, p. 3). In March 2017, Plaintiff transferred to Centralia. (Doc. 1, p. 6). He continued to complain to medical staff about his left eye. (Doc. 1, pp. 6-7). On February 7, 2018, Plaintiff saw Childers, the optometrist at Centralia, but he alleges that Childers was deliberately indifferent to the condition of his left eye and only prescribed more eye drops. (Doc. 1, p. 7). Plaintiff wrote a grievance, but Walker denied the grievance. *Id.* Benton then denied Plaintiff's appeal. (Doc. 1, pp. 7-8). Plaintiff continues to experience blurry vision, pain, headaches, and sensitivity to light. (Doc. 1, p. 8).

### Discussion

The severance order designated one claim for this action:

**Count 1 –** Childers, Walker, and Benton were deliberately indifferent to Plaintiff's left eye condition in violation of the Eighth Amendment.

Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate

2

indifference to a serious medical need, an inmate must show: (1) that he suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Deliberate indifference may also be shown where medical providers persist in a course of treatment known to be ineffective. *Berry v. Peterman*, 604 F.3d 435, 441-42 (7th Cir. 2010); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005).

Plaintiff has alleged that he has persistent problems in his eye that cause pain and interfere with his daily activities. This is a plausible allegation of a serious medical need. Furthermore, he has alleged that Childers's treatment amounts to little more than continuing to administer eye drops that have previously not relieved his symptoms. Persisting in a course of treatment known to be ineffective can be evidence of deliberate indifference. Moreover, Plaintiff has alleged that he reached out to Walker and Benton about the deliberate indifference but that they declined to act. Refusing to intervene in an ongoing constitutional violation can show deliberate indifference. *See Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015). At the pleading stage, Plaintiff has alleged a viable deliberate indifference claim against all Defendants. Accordingly, Count 1 will proceed at this time.

**Disposition**

**IT IS HEREBY ORDERED** that **Count 1** survives threshold review against Childers, Walker, and Benton.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Childers, Walker, and Benton: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**DATED: July 26, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**